UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE COREAS CHAVEZ,<br>A-Number: 206-630-620,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-06540-KES-EGC (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(Doc. 1)<br><br>[14-DAY DEADLINE] |

## I. INTRODUCTION

Petitioner Josue Coreas Chavez is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) He contends that his continued detention pending removal proceedings has become unreasonably prolonged in violation of the Due Process Clause. Respondents filed a response to the Court's order to show cause, contending that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c), that he has not exhausted available administrative process, and that his detention remains constitutional. (Doc. 7.) For the reasons set forth below, the undersigned recommends that the petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**.

/ / /

/ / /

## II. BACKGROUND

### A. Petitioner's Immigration and Criminal History

Petitioner is a native and citizen of El Salvador. (Doc. 7-1 at 1.) He entered the United States on or about March 22, 2014, at Hidalgo, Texas, without being admitted or paroled. (*Id.* at 2.) On or about January 22, 2025, Petitioner was convicted in the Suffolk County Court, State of New York, of attempted robbery in the second degree (displays firearm), in violation of N.Y. Penal Law §§ 110.00 and 160.10(2)(b), and sentenced to three years' incarceration and five years' supervised release. (*Id.*) On the same date, he was convicted of conspiracy in the fourth degree, N.Y. Penal Law § 105.10(1), and sentenced to one to three years' incarceration, and of criminal facilitation in the fourth degree, N.Y. Penal Law § 115.10(1), and sentenced to 364 days' incarceration. (*Id.*)

On April 8, 2026, Petitioner was taken into the custody of United States Immigration and Customs Enforcement, upon his release from state custody. (Doc. 1 at 5; Doc. 7-1 at 1–2; Doc. 7 at 1.) He is currently detained at the California City Detention Facility. (Doc. 1 at 1.) His removal proceedings remain pending. (Doc. 7 at 3.)

### B. This Action

Petitioner filed the instant petition on August 17, 2026. (Doc. 1.) Liberally construed, the petition raises three grounds: (1) that the Court has jurisdiction under section 2241 to review his custody; (2) that his prolonged civil detention deprives him of liberty without due process because it is not reasonably related to its statutory purpose; and (3) that Respondents have "insufficient proof of evidence" justifying his continued immigration detention. (*Id.* at 6-7.) Attached to the petition are approximately ninety pages of exhibits consisting of country-conditions materials concerning El Salvador and a decision of the Board of Immigration Appeals issued in an unrelated matter. (*Id.* at 10–99.)

On August 20, 2026, the Court ordered Respondents to show cause why the petition should not be granted. (Doc. 6.) Respondents filed their response on August 26, 2026, together with a Form I-213 Record of Deportable/Inadmissible Alien and a criminal history record. (Docs. 7, 7-1, 7-2.) Petitioner's traverse is not due until September 2, 2026, and none has been filed thus

far. (*See* Doc. 6.) Nonetheless, the undersigned finds the matter suitable for resolution on the present record. To the extent Petitioner timely files a traverse, the undersigned will consider it and may amend these findings and recommendations as necessary.

## III. DISCUSSION

### A. Jurisdiction

A district court may entertain a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). The Supreme Court has confirmed that federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). Petitioner is detained at the California City Detention Facility in California City, California, within this judicial district. To the extent Petitioner challenges the constitutionality of his detention, jurisdiction is proper.

However, a substantial portion of the petitioner's exhibits consists of country-conditions reporting concerning El Salvador and a Board of Immigration Appeals decision issued in an unrelated proceeding. (Doc. 1 at 10–99.) To the extent Petitioner offers this material to establish entitlement to relief from removal, this Court cannot consider it. Judicial review of removal orders lies exclusively in the courts of appeals on a petition for review, 8 U.S.C. § 1252(a)(5), and claims "arising from" removal proceedings are channeled to that same review, 8 U.S.C. § 1252(b)(9). Further, this material is not relevant to the lawfulness of Petitioner's detention.

### B. The Undersigned Assumes Without Deciding That 8 U.S.C. § 1226(c)(1)(A) Applies

Petitioner relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001) and *Foucha v. Louisiana*, 504 U.S. 71 (1992). (Doc. 1 at 6–7.) *Zadvydas* construed 8 U.S.C. § 1231(a)(6), which governs detention *after* a removal order becomes administratively final, and addressed the risk of indefinite detention where removal is not reasonably foreseeable. 533 U.S. at 682, 701. Petitioner has no final order of removal; his removal proceedings are ongoing. Therefore, *Zadvydas* does not govern his detention.

Respondents invoke section 1226(c)(1)(A), which mandates detention of a noncitizen who "is inadmissible by reason of having committed any offense covered in section 1182(a)(2)." 8 U.S.C. § 1182(a)(2)(A)(i) states "…any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of" a crime involving moral turpitude ("CIMT") is inadmissible. "While there is no federal statutory definition of a CIMT, we have defined it as involving 'either fraud or base, vile, and depraved conduct that shocks the public conscience.'" *Ortiz v. Garland*, 25 F.4th 1223, 1227 (9th Cir. 2022) (citation omitted).

Respondents contend that Petitioner is detained under section 1226(c)(1)(A) based on his New York convictions. (Doc. 7 at 3.) The record supporting that classification consists of the narrative of a Form I-213 and a criminal history record. (Docs. 7-1, 7-2.) Respondents have not submitted the Notice to Appear, the judgments of conviction, or other record-of-conviction documents.[1] However, the undersigned need not resolve this question. Petitioner does not contend in his petition that he is misclassified under section 1226(c); his claim is that his detention, whatever its statutory basis, has continued too long. And the assumption that section 1226(c) governs is the assumption most favorable to Petitioner's due process theory, because a noncitizen detained under section 1226(a) may request a bond hearing before an immigration judge as a matter of course, *see* 8 C.F.R. §§ 236.1(d), 1003.19, while a noncitizen detained under section 1226(c) may not. The undersigned therefore assumes without deciding that section 1226(c)(1)(A) supplies the authority for Petitioner's detention and proceeds to the as-applied due process analysis.

To the extent Ground Three is read to challenge Petitioner's classification under section 1226(c) because Respondents have "insufficient proof of evidence" for detaining him, the immigration court is the forum in which that challenge is made in the first instance. A detainee who believes he is not properly subject to section 1226(c) may request a hearing before an immigration judge under *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999), at which he may show that the government is substantially unlikely to establish that he is subject to mandatory detention.

[1] The undersigned notes that the I-213 narrative describes Petitioner as having entered without inspection in 2014 while identifying the current charge as one under 8 U.S.C. § 1227 (deportability), a provision applicable to noncitizens who have been admitted. (Doc. 7-1 at 1-2.) Because the undersigned assumes the applicability of section 1226(c) and resolves the petition on other grounds, the apparent inconsistency does not affect the disposition. It is, however, a matter properly raised before the immigration judge.

Nothing in the record indicates Petitioner has sought such a hearing. Any classification-based claim should be dismissed without prejudice to Petitioner's pursuit of that process.

**C. Exhaustion Does Not Bar the Prolonged-Detention Claim**

Respondents contend that any challenge to Petitioner's classification as subject to mandatory detention must be raised through a "Joseph Hearing" before the immigration judge, and that Petitioner has failed to exhaust that remedy. (Doc. 7 at 2-3 (citing *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999)).) That argument is misdirected. As discussed above, a Joseph Hearing addresses only whether a detainee is properly included within a mandatory-detention category or whether the government is substantially likely to establish the mandatory-detention grounds. It does not provide any individualized assessment of flight risk or dangerousness, and it affords no bond determination.

Petitioner does not appear to contest that his prior convictions are a proper predicate for detention under section 1226(c). Instead, Petitioner argues that the duration of his detention without any individualized bond determination now offends due process. That claim does not depend on the classification question a Joseph Hearing resolves, and exhaustion of that administrative remedy is therefore not required. Accordingly, the undersigned declines to recommend dismissal on exhaustion grounds as to Grounds One and Two.

**D. Petitioner's Detention Has Not Yet Become Unreasonably Prolonged**

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law" in removal proceedings, *Reno v. Flores*, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). At the same time, "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531.

In *Demore*, the Supreme Court sustained such detention under section 1226(c) on the understanding that it lasts only "for the brief period necessary for [the noncitizen's] removal proceedings," relying on data reflecting detention averaging approximately a month and a half, and

approximately four months in the minority of cases involving an appeal to the Board of Immigration Appeals. *Demore*, 538 U.S. at 513, 529-31. As discussed above, *Demore* does not, however, foreclose a Due Process Clause challenge where detention extends well beyond the period the Court contemplated. *See id.* at 532-33 (Kennedy, J., concurring) (a detainee "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").

Under section 1226(c), there is no bright-line rule fixing the point at which detention becomes unreasonable. *See Jennings v. Rodriguez*, 583 U.S. 281, 297-303 (2018); *see also Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019). Where a Due Process Clause challenge is presented, courts evaluate the claim under the balancing framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), weighing the private interest at stake, the risk of erroneous deprivation of that interest, and the Government's interest. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *Diep v. Wofford*, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025). Applying that framework to immigration detention, the Ninth Circuit has identified as relevant the duration of detention to date, the anticipated duration of future detention, delays attributable to either party, and the likelihood that the proceedings will result in a final removal order. *Rodriguez Diaz*, 53 F.4th at 1207-08.

Here, Petitioner has been detained since April 8, 2026, approximately five months. That period is materially shorter than the detention periods that have led courts in this district to find due process concerns. Length alone is not dispositive, but it is the starting point, and this factor weighs against relief.

Further, Petitioner's removal proceedings remain pending before the immigration court. Nothing in the record suggests those proceedings are stalled, that a merits hearing is unavailable, or that the anticipated remaining period of detention is indefinite in the sense that concerned the Court in *Zadvydas*. This factor weighs against relief.

Additionally, Petitioner does not identify any continuance, adjournment, or administrative delay attributable to the Government, and the record discloses none. This factor is neutral.

The Government's interests in ensuring appearance at removal proceedings and in

protecting the public are at their most substantial where, as here, the detainee has recent convictions for violent and firearm-related offenses.

Nonetheless, Petitioner is not without process. He may seek a Joseph Hearing, as described above, to contest his classification, he may litigate his applications for relief before the immigration judge, and he retains the ability to return to this Court if his detention becomes prolonged.

Weighing these considerations, the undersigned finds that Petitioner's approximately five months of detention pending active removal proceedings has not yet crossed the constitutional line. The undersigned emphasizes that this conclusion is tied to the present record and the present duration. Detention that is constitutional today may not remain so as it lengthens, and this recommendation does not foreclose a future petition. And to the extent the petition seeks immediate release from custody, that request should be denied. Even where a court finds prolonged detention constitutionally deficient, the remedy is an individualized bond hearing before an immigration judge, not release ordered by the district court. Therefore, the undersigned recommends that the petition be DISMISSED WITHOUT PREJUDICE.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**; and,
2. Petitioner's request for immediate release be **DENIED**.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number,

when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **September 2, 2026**

UNITED STATES MAGISTRATE JUDGE